### IMPROPER VERIFICATION.

Circuit Court of Hamilton County.

BANTZ, GUARDIAN, v. ROVER ET AL.

Decided, January, 1911.

*Verification of Pleadings—Proper Procedure upon Discovery of—Construction of Will in Action for Partition and an Accounting.*

Failure to properly verify an answer and cross-petition should be cured by amendment, and the dismissal of such a pleading because not properly verified constitutes reversible error.

*W. M. Tugman,* for plaintiff in error.
*Chas. M. Cist,* contra.

SWING, J.; GIFFEN, P. J., and SMITH, J., concur.

We think it was error in the court to dismiss the answer and

cross-petition of Adam Bantz on the ground that the "answer and cross-petition is not verified by the signature of the attorney and does not show the name or seal of the notary public before whom it purports to have been signed by Adam Bantz." Under Section 5114, Revised Statutes, the court should have permitted the pleading to have been amended. 70 O. S., 88.

We are further of the opinion that the court should have sustained the demurrer to the original petition. But as no error is prosecuted to this judgment, this court can take no action in regard to it.

The original action was evidently brought under Section 6202, Revised Statutes, and asked for the construction of the will of Herman Rudolph Rover and for an accounting. Adam Bantz, as guardian of Hedwig Bantz, was not entitled to bring such an action. He had no trust to administer under said will and therefore could not maintain such an action (19 O. S., 468; 29 O. S., 147). But in an action for partition and for an accounting between the parties the will could be construed and the rights of all the parties could be adjusted. 19 O. S., 51; 33 O. S., 128; 39 O. S., 590.

Judgment reversed and cause remanded for further proceedings.

---

## BASIS OF ADDITIONAL COMPENSATION TO COMMON PLEAS JUDGES.